DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

ALLEN HAYNES, SR. a/k/a ALAN HAYNES, )
SR.,                                 )
                                     )
            Plaintiff,               )
                                     )    Civil No. 2014-70
       v.                            )
                                     )
BASIL C. OTTLEY, JR., VIRGIN ISLANDS )
JOINT BOARD OF ELECTIONS, BOARD OF   )
ELECTIONS, ST. CROIX DISTRICT, BOARD )
OF ELECTIONS, ST.THOMAS/ST. JOHN     )
DISTRICT, CAROLINE FAWKES, VIRGIN    )
ISLANDS SUPERVISOR OF ELECTIONS in her )
official capacity, AND THE GOVERNMENT )
OF THE VIRGIN ISLANDS,               )
                                     )
            Defendants.              )
                                     )

**ATTORNEYS:**

**Robert L. King**
Law Offices of Robert King
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Carol Thomas-Jacobs**
Department of Justice
Office of the Attorney General
St. Thomas, U.S.V.I.
    *For the Virgin Islands Joint Boards of Elections; Board of
    Elections, St. Croix District; Board of Elections, St.
    Thomas/St. John District; Caroline F. Fawkes, Virgin
    Islands Supervisor of Elections in her Official Capacity;
    and the Government of the Virgin Islands,*

**Joel H. Holt**
    *For Basil Ottley.*

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 2

## AMENDED MEMORANDUM OPINION[1]

**GÓMEZ, J.**

Before the Court is the complaint of the plaintiff, Alan Haynes, Sr. ("Haynes"). Haynes seeks declaratory and injunctive relief that would essentially remove Basil Ottley from the list of candidates seeking to be elected as Lieutenant Governor of the Virgin Islands. Haynes also seeks leave to amend his complaint to include additional plaintiffs, including two gubernatorial candidates.

The Court, *sua sponte*, has asked the parties to address whether it has subject matter jurisdiction to resolve Haynes's pending claim.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Alan Haynes initially filed a three-count complaint against the Virgin Islands Joint Boards of Elections; Board of Elections, St. Croix District; Board of Elections, St. Thomas/St. John District; Caroline F. Fawkes, Virgin Islands Supervisor of Elections in her Official Capacity; and the Government of the Virgin Islands. Count I alleged a violation of the Uniformed and Overseas Citizens Absentee Voting Act against

---

[1] The version of the memorandum opinion, which was uploaded and docketed at ECF No. 60 on October 22, 2014, inadvertently omitted a footnote. This amendment addresses that oversight.

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 3

all defendants. Count II alleged voter disenfranchisement

against all defendants. Count III alleged that all defendants

may have failed to thoroughly investigate whether the Democratic

candidate for Lieutenant Governor of the Virgin Islands, Basil

C. Ottley, Jr. ("Ottley"), is eligible for the office.

Haynes later moved to amend his complaint. The amended

complaint was filed within 21 days of the defendants' motion to

dismiss. The Court granted Haynes's motion. [2]

In his amended complaint, Haynes abandons his first two

claims and adds Ottley as a defendant. In his sole claim, Haynes

alleges that the defendants, other than Ottley, "have each

failed and refused to do all that is necessary to [e]nsure that

Defendant Ottley is a candidate eligible to hold the office of

Lieutenant Governor" and that those defendants have "permitted

and allowed Defendant Ottley to run in the Democratic Primary

and be listed as a candidate for the position of Lieutenant

Governor when he is ineligible by law to do so." (EFC No. 48.)

---

[2] Federal Rule of Civil Procedure 15(a) permits:

[a] party . . . [to] amend its pleading once as a matter of
course within 21 days after serving it, or if the pleading is one
to which a responsive pleading is required, 21 days after service
of a responsive pleading or 21 days after service of a motion
under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a). Haynes amended complaint was filed within that time
period.

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 4

Haynes further alleges that Ottley is ineligible to be listed on the ballot because he is not an eligible voter and has not been a bona fide resident of the Virgin Islands for the five consecutive years immediately preceding the election. Although not specifically alleged in the complaint, the eligible voter requirement and bona fide resident requirement are located in section 11 of the Revised Organic Act, codified at 48 U.S.C. § 1591.

In support of this contention, Haynes further alleges that during the five consecutive years immediately preceding the election Ottley obtained a Maryland driver's license; declared Maryland as his place of residence; paid incomes taxes to the Federal Government instead of the Government of the Virgin Islands; paid incomes taxes to Maryland or another state, and completed IRS Form 8898 "Statement for individuals who begin or end bona fide residence in a U.S. possession."

The amended complaint seeks (1) a preliminary and permanent injunction enjoining the Defendants Boards of Elections, Carolyn Fawkes, and the Government of the Virgin Islands from permitting or allowing the name of Basil C. Ottley, Jr. on the ballot for Lieutenant Governor; (2) a declaratory judgment that Basil C. Ottley, Jr. is ineligible under the Revised Organic Act to be listed on the ballot, to be elected and to hold the office of

Lieutenant Governor; and (3)any such other and further relief as may be just, equitable, and proper.

After granting Haynes's motion to amend his complaint, the Court scheduled a hearing for October 22, 2014, to determine whether it has subject-matter jurisdiction over Haynes's remaining claim.

On the morning of that hearing, Haynes filed an additional motion to amend his complaint (the "Proposed Amended Complaint"). In the Proposed Amended Complaint, he seeks to add the following proposed plaintiffs: Soraya Diase-Coffelt, John Canegeta, Kenneth Mapp, and Osbert Potter. These proposed plaintiffs are candidates for the offices of Governor and Lieutenant Governor of the Virgin Islands in the 2014 gubernatorial race.

The Court held the hearing as scheduled. At the hearing, the Court heard arguments on whether leave should be granted to amend the complaint. The Court also heard arguments on whether the Court has subject-matter jurisdiction over Haynes's remaining claim.

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 6

## II.  <u>DISCUSSION</u>

### 1. Motion for Leave to Amend the Complaint

The Supreme Court has instructed that although the
grant or denial of an opportunity to amend is within
the discretion of the District Court, . . . outright
refusal to grant the leave without any justifying
reason appearing for the denial is not an exercise of
discretion; it is merely an abuse of that discretion
and inconsistent with the spirit of the Federal Rules.

Among the grounds that could justify a denial of leave
to amend are undue delay, bad faith, dilatory motive,
prejudice, and futility. "Futility" means that the
complaint, as amended, would fail to state a claim
upon which relief could be granted. In assessing
"futility," the District Court applies the same
standard of legal sufficiency as applies under
[Federal Rule of Civil Procedure 12(b)(6) ("Rule
12(b)(6)")]. Accordingly, if a claim is vulnerable to
dismissal under Rule 12(b)(6), but the plaintiff moves
to amend, leave to amend generally must be granted
unless the amendment would not cure the deficiency.

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

When a claim is vulnerable to dismissal under Rule

12(b)(6), the Court construes the complaint "in the light most

favorable to the plaintiff." *In re Ins. Brokerage Antitrust*

*Litig.,* 618 F.3d 300, 314 (3d Cir.2010). The Court must accept

as true all of the factual allegations contained in the

complaint and draw all reasonable inferences in favor of the

non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d

Cir.2004).

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 7

Nevertheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) .

The Supreme Court in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly,* 550 U.S. at 557).

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 8

**2. Subject Matter Jurisdiction**

"It is necessary for a district court to inquire sua sponte into the jurisdictional attributes of a case and to dismiss the complaint if subject matter jurisdiction is absent." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 413 F. Supp. 880, 881 (W.D. Pa. 1976) aff'd, 554 F.2d 1254 (3d Cir. 1977) (citing Fed. R. Civ. P. 12(h)(3); *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 26-27 (8th Cir. 1964); *Underwood v. Maloney*, 256 F.2d 334, 340 (3rd Cir. 1958*); *McGahey v. Giant Food, Inc.*, 300 F.Supp. 475, 477 (D.Md.1969)).

The "plaintiff, as the party invoking [the Court's subject matter] jurisdiction, bears the burden of establishing it." *Gotha v. United States*, 929 F. Supp. 207, 209-10 (D.V.I. 1996) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 182, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936); *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir.), *cert. denied,* 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993)).

**III. <u>ANALYSIS</u>**

**1. Haynes's Standing to Assert a Claim**

**A. Standing**

In order for a plaintiff to assert a claim in a federal court, such as the District Court of the Virgin Islands, the plaintiff must have Article III standing. *See Russell v.*

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 9

*DeJongh*, 491 F.3d 130, 134-36 (3d Cir. 2007)(applying Article III standing analysis to a decision appealed from the District Court of the Virgin Islands). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)(citing *Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir.2003)).

Article III standing requires "that the litigant has suffered or will suffer an injury in fact that is caused by the complained-of conduct by a defendant and that can be redressed by the court." *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (citing *Taliaferro,* 458 F.3d at 188). "An 'injury in fact' is 'an invasion of a legally protected interest which is (a) *concrete and particularized* and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992))(emphasis added).

In *Berg v. Obama*, the United States Court of Appeals for the Third Circuit considered whether a voter has standing under circumstances that are strikingly similar to those presented here. In that case, the plaintiff claimed that "Obama was ineligible to run for and serve as President because he was . . . not a 'natural born citizen' within the meaning of Article II,

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 10

Section 1, Clause 4 of the United States Constitution." *Id.* at

237. The plaintiff sought "a declaratory judgment that Obama was

ineligible, an injunction barring Obama from running for that

office, and an injunction barring the Democratic National

Committee from nominating him." *Id.* The Third Circuit held that

there was no injury in fact to the plaintiff caused by the

complained-of conduct. *See id.* at 240. The Third Circuit

reasoned that "[as] a practical matter, [the plaintiff] was not

directly injured because he could always support a candidate he

believed was eligible." *Id.* The Third Circuit further held that:

> Even if we assume that the placement of an ineligible
> candidate on the presidential ballot harmed [the
> plaintiff], that injury, including any frustration
> [the plaintiff] felt because others refused to act on
> his view of the law, was too general for the purposes
> of Article III: [the plaintiff] shared both his
> "interest in proper application of the Constitution
> and laws," and the objective uncertainty of Obama's
> possible removal, *pari passu* with all voters; and the
> relief he sought would have "no more directly and
> tangibly benefit[ed] him than ... the public at
> large."

*Id.* (quoting *Lujan,* 504 U.S. at 573-74).

Haynes, a voter, seeks to assert a claim that Ottley is

ineligible for the office of Lieutenant Governor. Yet, as in

*Berg v. Obama*, Haynes has not been directly injured because he

remains able to support a candidate that he believes is

eligible. Accordingly, there is no injury in fact. *See id.* at

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 11

240; *cf. Clark v. Abramson*, No. 12-96 (D. V.I. Nov 1. 2012) (order denying temporary restraining order)("The Court also notes that removing [the candidate's] name from the ballot is not the sole remedy available to [the plaintiffs]. To begin, the election has not yet taken place, and [the plaintiffs] are therefore free to share [the facts they believe give rise to the candidate's ineligibility] with the electorate.").

Furthermore, assuming *arguendo* that placing Ottley on the ballot directly injured Haynes, any injury would be "shared . . . *parri passu* with all voters" and the relief he seeks "would . . . no more directly and tangibly benefit[] him than . . . the public at large." *See id.* (internal quotations omitted). Thus, assuming *arguendo* that placing Ottley on the ballot directly injured Haynes, the harm would not be sufficiently particularized to constitute an injury in fact. *See id.* at 239. Indeed, at the hearing, Haynes's counsel was asked by the Court about the nature of the injury that Haynes would suffer. In every instance, Haynes's counsel indicated that Haynes's injury was no different than that suffered by the voter in *Berg v. Obama*, which was found to be insufficient to establish injury in fact.

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 12

In short, Haynes has failed to demonstrate that he has suffered an injury in fact. That failure for jurisdictional purposes is fatal to his claim. *See id.*

**B. Private Right Of Action Under Section 11 of the Revised Organic Act**

Haynes has not expressly alleged that he is bringing his claim pursuant to a private right of action under section 11 of the Revised Organic Act. Nevertheless, to the extent that Haynes's complaint may be construed to allege that he is doing so, the Court concludes that section 11 of the Revised Organic Act does not create a private right of action.

Section 11 of the Revised Organic Act, in relevant part, provides that:

> No person shall be eligible for election to the office of . . . Lieutenant Governor unless he is an eligible voter and has been for five consecutive years immediately preceding the election a citizen of the United States and a bona fide resident of the Virgin Islands and will be, at the time of taking office, at least thirty years of age.

48 U.S.C. § 1591.

"The initial inquiry in determining whether a private right of action exists is whether the text of the statute itself expressly states a private right to file suit." *Frank v. Gov't of the Virgin Islands*, CIV. 2009-66, 2010 WL 1417857, at *11 (D.V.I. Mar. 31, 2010) *aff'd sub nom. Frank v. Gov't of Virgin*

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 13

*Islands*, 563 F. App'x 169 (3d Cir. 2014) (citing *Three Rivers Ctr. for Indep. Living v. Hous. Auth. of Pittsburgh,* 382 F.3d 412, 420 (3d Cir.2004). Here, the express language of the relevant portion of section 11 of the Revised Organic Act prescribes certain eligibility requirements for candidates for the office of Lieutenant Governor of the Virgin Islands and provides no such private right to sue.

"If an explicit congressional mandate is lacking, the Court must next turn to Congress's intent in enacting a statute to evaluate whether it would be appropriate to infer a private right of action for the claimant." *Frank*, 2010 WL 1417857, at *12 (citing *Three Rivers Ctr. for Indep. Living,* 382 F.3d at 420 ("Congress's intent in enacting a statute is always the 'focal point' in determining whether courts should infer a private right of action from the statute.")). The legislative history of section 11 of the Revised Organic Act notes only that this section "vests executive power to the Governor of the Virgin Islands, to be appointed by the President and to exercise his powers under the supervision of the Secretary of the Interior. He shall reside in St. Thomas. The section further sets forth his powers and authority and provides, among other things, that except as otherwise expressly provided, he shall appoint the officers and employees of the executive branch of the government

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 14

of the Virgin Islands." S. Rep. 83-1271, at 2594 (1954). There is no suggestion that Congress intended to create a private right to sue in the portion of section 11 of the Revised Organic Act that addresses the eligibility requirements for the Lieutenant Governor of the Virgin Islands.

Accordingly, the Court holds that section 11 of the Revised Organic Act does not provide Haynes with a private right of action.[3]

---

[3] The Court's conclusion is consistent with the district court's holding in *Berg v. Obama*. In that case, the district court considered whether the Natural Born Citizen Clause of the United States Constitution conferred a personal right on citizens or voters. *See Berg v. Obama*, 574 F. Supp. 2d 509, 522-23 (E.D. Pa. 2008) *aff'd*, 586 F.3d 234 (3d Cir. 2009). The Natural Born Citizen Clause states that:

> [n]o Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any Person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.

U.S. Const. art. II, § 1, cl. 4. This clause merely establishes an eligibility requirement for candidates running for political office. The district court held that "the Natural Born Citizen Clause [of the United States Constitution] does not confer an individual right on citizens or voters." *Berg v. Obama*, 574 F. Supp. 2d at 522-23.

Like the Natural Born Citizen Clause, the relevant clauses of 48 U.S.C. § 1591 merely establish an eligibility requirement for candidates running for political offices. Correspondingly, like the district court in *Berg v. Obama*, the Court holds that 48 U.S.C. § 1591 does not confer an individual right on citizens or voters.

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 15

## 2. Motion to Amend the Complaint

Haynes seeks leave to amend his complaint to add additional plaintiffs who may have standing. Although leave to amend should be granted when justice requires, the Court may deny leave to amend if the amendment would be futile. *Shane v. Fauver*, 213 F.3d at 115. For this inquiry, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of" Haynes and the proposed plaintiffs. *See Alston,* 363 F.3d at 233. Amendment is futile if the plaintiff cannot establish the "plausibility of entitlement of relief." *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 557).

The Proposed Amended Complaint adds plaintiffs who are candidates in the gubernatorial election. To the extent these proposed plaintiffs lack standing, as Haynes does, it would be futile to allow the Proposed Amended Complaint. To that end, the Court will first assess whether the proposed plaintiffs would have standing. To the extent that they do, the Court will then assess whether the proposed plaintiffs are able to obtain the relief requested in the Proposed Amended Complaint.

Haynes alleges that the proposed plaintiffs would have standing to assert this claim because they are candidates in the gubernatorial election. Although the Third Circuit has yet to

rule on this issue, a number of "[federal appellate] courts have

held that a candidate or his political party has standing to

challenge the inclusion of an allegedly ineligible rival on the

ballot, on the theory that doing so hurts the candidate's or

party's own chances of prevailing in the election." *Hollander v.*

*McCain, 566 F. Supp. 2d 63, 68* (D.N.H. 2008)(citing *Tex. Dem.*

*Party v. Benkiser,* 459 F.3d 582, 586–87 & n. 4 (5th Cir.2006);

*Schulz v. Williams,* 44 F.3d 48, 53 (2d Cir.1994); *Fulani v.*

*Hogsett,* 917 F.2d 1028, 1030 (7th Cir.1990)).

Under this doctrine of competitive standing, the proposed

plaintiffs would have standing to assert the claim alleged in

Haynes's Proposed Amended Complaint. The Court's review for

futility is not complete, however.

Even if the proposed plaintiffs have standing and even if

the Court determined that Ottley was ineligible for the office

of Lieutenant Governor of the Virgin Islands, the proposed

plaintiffs would still not be entitled to the relief requested

in the Proposed Amended Complaint.

The proposed plaintiffs seek declaratory and injunctive

relief. To the extent the proposed plaintiffs seek declaratory

relief, they seek it for the purposes of pursuing an injunction.

For the proposed plaintiffs to be entitled to a permanent

injunction, "[they] must demonstrate: (1) that it has suffered

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 17

an irreparable injury; (2) that remedies available at law, such

as monetary damages, are inadequate to compensate for that

injury; (3) that, considering the balance of hardships between

the plaintiff and defendant, a remedy in equity is warranted;

and (4) that the public interest would not be disserved by a

permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547

U.S. 388, 391.

While a party may be able to demonstrate success on the

merits, that alone does not automatically entitle a plaintiff to

injunctive relief. The Supreme Court has held that:

> [U]nder certain circumstances, such as where an
> impending election is imminent and a State's election
> machinery is already in progress, equitable
> considerations might justify a court in withholding
> the granting of immediately effective relief . . . In
> awarding or withholding immediate relief, a court is
> entitled to and should consider the proximity of a
> forthcoming election and the mechanics and
> complexities of state election laws, and should act
> and rely upon general equitable principles. With
> respect to the timing of relief, a court can
> reasonably endeavor to avoid a disruption of the
> election process which might result from requiring
> precipitate changes that could make unreasonable or
> embarrassing demands on a State in adjusting to the
> requirements of the court's decree.

*Reynolds v. Sims*, 377 U.S. 533, 585 (1964).

Indeed, the Supreme Court itself has declined to order a

state to alter ballots issued where a political party was

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 18

excluded from the ballot in violation of the Equal Protection Clause of the Constitution. *See Williams v. Rhodes,* 393 U.S. 23, 34-35 (1968). In *Williams v. Rhodes*, the Supreme Court held that the Socialist Labor Party's exclusion from the ballot violated the Equal Protection Clause. *Id.* at 34. Nevertheless, the Supreme Court declined to require Ohio to include the Socialist Labor Party on the ballot for the upcoming election. *Id.* at 35. The Supreme Court reasoned that at that "late date it would be extremely difficult, if not impossible, for Ohio to provide still another set of ballots. Moreover, the confusion that would attend such a last-minute change poses a risk of interference with the rights of other Ohio citizens, for example, absentee voters." *Id.*

*Williams v. Rhodes* is instructive here. The ballots for the upcoming election have been printed and early voting has commenced. Additionally, the election is scheduled for November 4, 2014, which is less than two weeks away. It would certainly be difficult, if not impossible, for the Virgin Islands to provide another set of ballots. Moreover, because early voting has already commenced, removing Ottley's name from the ballot

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 19

would create confusion and interfere with the rights of other

Virgin Islands voters. [4]

---

[4] Indeed, at the October 22, 2014, hearing, the Court inquired into whether the remedy sought by Haynes would alter the ballots. Attorney King, representing Haynes, answered in the affirmative.

THE COURT: The relief that you seek here is a change in the ballot, correct? You want the defendant's name -- at least the Ottley name -- excised from the ballot, correct?

MR. KING: Yes, I want him [to] no longer be allowed to run.

(Hr'g. Tr. at 60:14-20.)
Attorney Thomas-Jacobs, representing the Virgin Islands Government, also conveyed to the Court her understanding that Haynes sought to alter the ballots and informed the Court that ballots had already been printed and voting had commenced.

THE COURT: . . . [T]he remedy that's sought here is one that would alter the ballots, correct?

MS. THOMAS-JACOBS: It would alter the ballots . . . At least, that's what they're seeking but . . . the *ballots have been prepared*, as we mentioned. *Early voting has commenced.*

(Hr'g. Tr. at 49:14-17)(emphasis supplied). The Supervisor of Elections' posts to Twitter and Facebook and numerous news stories confirm Attorney Thomas-Jacobs's representation. VI Elections System, TWITTER.COM (Oct. 18, 2014), http://twitter.com/VIVote; Elections System of the Virgin Islands, FACEBOOK.COM (Oct. 18, 2014), http://facebook.com/vivote.gov?refsrc=http%3A%2F%2Fwww.vivote.gov%2F&_rdr; *see, e.g.,* Aldeth Lewin, *Hundreds Cast Ballots on First Day of Voting*, VIRGIN ISLANDS DAILY NEWS (Oct. 22, 2014), http://virginislandsdailynews.com/news/hundreds-cast-ballots-on-first-day-of-early-voting-1.1775218; Ernice Gilbert, *Over 160 Cast Their ballots on First Day of Early Voting on St. Croix*, THE VIRGIN ISLANDS CONSORTIUM (Oct. 22, 2014), http://viconsortium.com/politics/over-160-people-cast-their-ballots-on-first-day-of-early-voting-in-st-croix/; *How Early Voting Will Work in Election 2014*, ST. CROIX SOURCE (Oct. 22, 2014), http://stcroixsource.com/content/news/elections-2014/2014/10/22/how-early-voting-will-work-election-2014.
The Court also inquired into whether the Virgin Islands was in compliance with the Uniform and Overseas Citizens Absentee Voting Act ("UACOVA"). UACOVA requires that states and territories issue, upon timely request, absentee ballots to military and overseas voters 45 days in advance of an election for federal office, unless the state or territory receives a hardship exemption. 52 U.S.C. §§ 20107, 20302. Responding to the Court, Attorney Thomas-Jacobs represented that the Virgin Islands was in compliance with UACOVA. (Hr'g. Tr. at 50:14-15.) She stated that "[t]he ballots for the

[Footnote Continued on the Next Page]

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 20

Thus, assuming *arguendo* that the proposed plaintiffs have standing to assert this claim and taking all facts alleged as true and assuming *arguendo* that Ottley is ineligible for the office of Lieutenant Governor under section 11 of the Revised Organic Act, this Court would still hold that the proposed plaintiffs were not entitled to an injunction removing Ottley from the ballot for the upcoming election.

Because the proposed plaintiffs cannot attain their desired relief, the pending motion for leave to amend the complaint will be denied as futile.

---

overseas voters, the absentee ballots, they've been sent out . . . Those have been done a long time ago, 45 days in advance . . . of the election." (Hr'g. Tr. at 49:15-18.) Her representation is consistent with the Supervisor of Elections' 2014 Elections Calendar, which indicates that absentee ballots were sent to military and overseas voters by September 19, 2014, 46 days before the November 4, 2014 election day. Elections System of the Virgin Islands 2014 Elections Calendar (Apr. 2. 2014), http://www.vivote.gov/documents/2014%20elections/Elections%20Calendar%20Revised%20Apr.pdf.

It is beyond peradventure that Federal Rule of Evidence 201 permits the Court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). The printing of ballots, the commencement of early voting, the date of the election, and the text of federal statutes are precisely the types of facts of which the Court may, and hereby will, take judicial notice. Moreover, the representations made by an officer of the court, "though not evidence *per se*, [may] reinforce[] the . . . court's determination." *I.C.C. v. Holmes Transp., Inc.*, 983 F.2d 1122, 1127 n.6 (1st Cir. 1993).

Against the backdrop of all that has occurred up through the time of the October 22, 2014, hearing, it would seem imprudent, if not verboten, to grant the relief sought in the complaint. *See generally, Williams v. Rhodes*, 393 U.S. 23 (1968).

*Haynes v. Ottley, et. al.*
Civil No. 2014-70
Memorandum Opinion
Page 21

## IV.   <u>CONCLUSION</u>

Because the Court denied Haynes leave to amend his complaint and Haynes, the only plaintiff, lacks standing to bring this cause of action, the Court will award judgment to the defendants on this cause of action. An appropriate judgment follows.

S\_____

**Curtis V. Gómez**
**District Judge**